IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DALE A COPEMANN,

    Plaintiff,

v.                                   CASE NO. 1:10-cv-00229-MP-GRJ

BRAIN FUNDENBURG, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Amended Motion for Leave to Proceed in Forma Pauperis (Doc. 9).  Plaintiff initiated this suit on October 28, 2010 in the United States District Court for Washington D.C., and the case was transferred to this Court on November 30, 2010.  On March 3, 2011, this Court issued an order (Doc. 7) directing Plaintiff to complete the complaint form for non-prisoners alleging civil rights violations and denying his first motion to proceed as a pauper (Doc. 2).  Plaintiff subsequently filed a First Amended Complaint (Doc. 8) and an Amended Motion for Leave to Proceed in Forma Pauperis (Doc. 9).  Plaintiff then filed, without seeking leave of Court, a Second Amended Complaint (Doc. 10).

### I. BACKGROUND

The Court has reviewed Plaintiff's First and Second Amended Complaints (Doc. 8, 10).  Plaintiff contends that while seeking medical treatment for a sexually transmitted disease at Ayers Medical Plaza on December 30, 2009, Gainesville Police Department Officers Fundenburg and Wilkins arrested him due to a trespass warning against him from Ayers Medical Plaza.  Plaintiff alleges that on December 31, 2009, at

the Alachua County Jail, he was refused medical treatment for the STD. Plaintiff claims that Officers Fundenburg and Wilkins violated Plaintiff's Fourteenth Amendment rights by failing to deal with him professionally and in an respectful manner. (Doc. 8).

## II. STANDARD OF REVIEW

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not). In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, 2009 WL 47497, at *1 (S.D.Ala.2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one 'without arguable merit. " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817

F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd, 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1983 and dismissing the claim pursuant to 28 U.S.C. §1915A).  "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965.  In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

### III.  DISCUSSION

Plaintiff's amended complaints suffer from the same flaws as his initial complaint

– Plaintiff has failed to allege sufficient facts to state a cognizable claim under § 1983. Taking Plaintiff's statement of claims on its face, there is no cognizable claim under § 1983 for state actors treating the public unprofessionally or disrespectfully.  The alleged treatment of Plaintiff in a disrespectful manner, while not optimal, does not rise to the level of a constitutional violation.  Even threatening language does not generally state a constitutional claim under § 1983.  Woods v. Valentino, 511 F.Supp.2d 1263, 1285-86 (M.D.Fla.2007) (concluding that verbal threats and harassment by a governmental official do not generally violate substantive due process); Cherfils v. Jones, No. 3:07-cv-391/MCR/MD, 2008 WL 817098, *4 (N.D.Fla. Mar. 25, 2008).

Moreover, even construing Plaintiff's pleadings liberally as attempting to assert civil rights claims for false arrest and denial of medical care, Plaintiff has failed to state a claim upon which relief may be granted.  The Complaint does not contain any allegations that Plaintiff's arrest was unlawful and Plaintiff does not deny that there was a trespassing order in effect against him at Ayers Medical Plaza.  Thus, taking the facts as alleged by Plaintiff as true, he has not stated a claim for false arrest because according to his version of the facts, the officers arrested him pursuant to a trespassing order.

Furthermore, although it is difficult to determine due to the scarcity of facts offered by Plaintiff, his challenge to his detention may also be barred by Younger and Heck.  "Under Younger v. Harris and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1261 (11th Cir. 1997).  Younger was concerned with the equitable restraint by federal courts of state

court criminal proceedings that had yet to run their course and was "founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Hughes v. Att'y Gen. Of Florida, 377 F.3d 1258, 1264 n.7 (11th Cir. 2004).  The exceptions to Younger are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised.  Id. at 1263 n.6.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).  Thus, if proceedings are still pending against Plaintiff in connection with the December 30, 2009 incident, or if he is challenging any conviction or sentence, his claims would appear to be barred by Younger and Heck.

With regard to Plaintiff's alleged denial of medical care, despite this Court's explicit instructions to him regarding the necessary information for his amended complaint, he has failed to allege who denied him medical care and what harm, if any, resulted from denying Plaintiff, for one day, emergency treatment of an STD for which

he had sought non-emergency treatment one day prior.  "Claims involving the mistreatment of arrestees or pretrial detainees in custody [by state actors] are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment' Cruel and Unusual Punishment Clause, which applied to such claims by convicted prisoners."  Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).  Thus, "[a]s a general rule, to prevail on a claim of a substantive due-process violation, a plaintiff must prove that a defendant's conduct 'shocks the conscience.'" Nix v. Franklin Cty. Sch. Dist., 311 F.3d 1373, 1375 (11th Cir. 2002) (citation omitted).  Mere negligence is insufficient to establish a constitutional due-process claim.  Id. at 1375-76.  Plaintiff has failed to allege any facts sufficient to rise to the level of a substantive due process claim.

For the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted.  The Court also takes notice that this is the sixth lawsuit filed in this Court in the past year that has been dismissed for failure to state a claim.  **Plaintiff is advised that continued filing of meritless lawsuits could be grounds for this Court to impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.**

## IV.  RECOMMENDATION

In light of the foregoing, tt is respectfully **RECOMMENDED** that:

1.  This case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.  Plaintiff's Amended Motion for Leave to Proceed Informa Pauperis (Doc. 9)

should be **DENIED**.

      **IN CHAMBERS** at Gainesville, Florida  this 3rd day of October 2011.

                      *s/Gary R. Jones*
                      GARY R. JONES
                      United States Magistrate Judge

**NOTICE TO THE PARTIES**
      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**